UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAE DEANE OLSZANOWSKI,<br><br>                                 Plaintiff,<br><br>v.<br><br>SEAWORLD PARKS &<br>ENTERTAINMENT, INC., *et al.*,<br><br>                                 Defendants. | Case No.:  3:24-cv-01966-JES-AHG<br><br>**ORDER GRANTING IN PART AND<br>DENYING IN PART JOINT<br>MOTION TO CONTINUE EARLY<br>NEUTRAL EVALUATION AND<br>CASE MANAGEMENT<br>CONFERENCE**<br><br>**[ECF No. 8]** |

Before the Court is the parties' Joint Motion to Continue the Case Management and Early Neutral Evaluation Conferences. ECF No. 8. The Court previously held an Early Neutral Evaluation Conference ("ENE") in this matter on December 6, 2024, and set a second ENE for March 18, 2025 along with a continued Case Management Conference ("CMC"). ECF Nos. 6, 7. The parties now seek to continue the ENE and CMC by another 60 days. ECF No. 8.

Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence

of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory committee's notes to 1983 amendment. Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transportation Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties request a continuance of the ENE and CMC because they have not yet received complete medical records from Plaintiff's treatment providers in response to their subpoenas. ECF No. 8 at 2-3. Despite requesting records from 2012 – present, Plaintiff's providers only produced records through 2020, and the records at issue did not include any radiology studies, which are key to Plaintiff's claims. *Id.* Notwithstanding the incomplete medical records, the parties went forward with Plaintiff's deposition on February 19, 2025, and they continue to work together to conduct necessary discovery, including seeking to have Plaintiff undergo an independent medical examination as soon as possible. *Id.* at 3. The parties believe that further settlement negotiations will not be productive without Plaintiff's full medical records and the completion of an expert report based on the IME and relevant medical records beforehand. *Id.*

Upon due consideration, the Court finds good cause to **GRANT** the request to continue the ENE. The Court agrees that settlement discussions will likely be more productive once the parties have obtained all relevant medical records, conducted the IME of Plaintiff, and had the opportunity to prepare expert reports based on that evidence. Accordingly, the ENE is **CONTINUED** to **May 23, 2025** at **9:30 a.m.** before Magistrate Judge Allison H. Goddard. The ENE shall take place via videoconference using the Court's official Zoom account. The primary attorneys responsible for the litigation and party representatives with **full and complete authority to enter into a binding settlement** for each party must attend the second ENE. No later than **May 19, 2025**, counsel for each party

must email a participant list to efile_Goddard@casd.uscourts.gov containing (i) the name and title of each participant for that party; (ii) an email address for each participant to receive the Zoom invitation; and (iii) a cell phone number for that party's attorney point of contact, for the Court to use during the second ENE. Participants are instructed to review the Court's previous Order setting the ENE (ECF No. 3) for technical guidance regarding the use of Zoom, if needed. All participants must also comply with the Court's requirements of professional dress and comportment on Zoom, as set forth in the previous Order. The parties may submit **optional** supplemental ENE statements no later than **May 19, 2025** by lodging them with the Court at the email address provided above.

However, the request to continue the CMC is **DENIED**. This action was filed in October 2024 and there is still no case schedule in place. While the Court appreciates that the parties have been working together diligently to complete discovery thus far, the Court finds it will benefit the parties and ensure that discovery remains on track to set firm dates in the case schedule without further delay. Therefore, the CMC shall remain on calendar as previously scheduled on **March 18, 2025** at **2:00 p.m.** before Judge Goddard. Client participation at the CMC is not required. Court staff will provide a Zoom invitation to the CMC to **all counsel of record** at least one day prior to the conference. Counsel should be prepared to discuss the case schedule and any other case management matters outlined in the parties' Joint Case Management Statement during the CMC.

**IT IS SO ORDERED.**

Dated: March 6, 2025

_Allison H. Goddard_
Honorable Allison H. Goddard
United States Magistrate Judge